C/R
12-30-14

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2015 JAN 20 PM 12:42

CLERK'S OFFICE
AT BALTIMORE

BY _____ DEPUTY



**U.S. Department of Justice**

*United States Attorney*
*District of Maryland*

| | | |
|---|---|---|
| *Matthew C. Sullivan*<br>*Assistant United States Attorney*<br>*Matthew.Sullivan@usdoj.gov* | *Suite 400*<br>*36 S. Charles Street*<br>*Baltimore, MD 21201-3119* | *DIRECT: 410-209-4878*<br>*MAIN: 410-209-4800*<br>*FAX: 410-962-0717* |

December 30, 2014

James J. Gitomer, Esq.
Cardin and Gitomer PA
211 St. Paul Place
Baltimore, MD 21202

    Re:    Plea Agreement in the case of
            *United States v. Tion Renard Fox*,
            Criminal No. WDQ-14-311

Dear Mr. Gitomer:

       This letter, together with the Sealed Supplement, confirms the plea agreement which has been offered to Tion Renard Fox (the "Defendant") by the United States Attorney's Office for the District of Maryland ("this Office"). If the Defendant accepts this offer, please have him execute it in the spaces provided below. If this offer has not been accepted by **January 6, 2015,** it will be deemed withdrawn. The terms of the agreement are as follows:

### Offense of Conviction

       1.    The Defendant agrees to plead guilty to Count One of the Indictment now pending against him, as amended, to wit: conspiracy to distribute and possess with the intent to distribute a quantity of cocaine, a quantity of cocaine base, and 100 grams or more of heroin, in violation of 21 U.S.C. § 846. The Defendant admits that he is, in fact, guilty of that offense and will so advise the Court.

### Elements of the Offense

       2.    The elements of the offense to which the Defendant has agreed to plead guilty, and which this Office would prove if the case went to trial, are as follows:

           a.    In or about April 2014, in the District of Maryland, an agreement existed between two or more persons to violate the federal drug laws by distributing and possessing with the intent to distribute a quantity of a mixture or substance containing cocaine (a schedule II controlled substance), a quantity of a mixture or substance containing cocaine base (a

schedule II controlled substance), and 100 grams or more of a mixture or substance containing heroin (a schedule I controlled substance); and

      b. the Defendant knowingly joined in that agreement.

## Penalties

  3. The maximum sentence provided by statute for the offense to which the Defendant is pleading guilty is as follows: imprisonment for 40 years, with a mandatory minimum 5 years imprisonment, followed by at least a four year, but not greater than five year, period of supervised release, and a $5,000,000 fine. In addition, the Defendant must pay $100 as a special assessment pursuant to 18 U.S.C. § 3013, which will be due and should be paid at or before the time of sentencing. This Court may also order him to make restitution pursuant to 18 U.S.C. §§ 3663, 3663A, and 3664.[1] If a fine or restitution is imposed, it shall be payable immediately, unless, pursuant to 18 U.S.C. § 3572(d), the Court orders otherwise. The Defendant understands that if he serves a term of imprisonment, is released on supervised release, and then violates the conditions of his supervised release, his supervised release could be revoked—even on the last day of the term—and the Defendant could be returned to custody to serve another period of incarceration and a new term of supervised release. The Defendant understands that the Bureau of Prisons has sole discretion in designating the institution at which the Defendant will serve any term of imprisonment imposed.

## Waiver of Rights

  4. The Defendant understands that by entering into this agreement, he surrenders certain rights as outlined below:

      a. If the Defendant had persisted in his plea of not guilty, he would have had the right to a speedy jury trial with the close assistance of competent counsel. That trial could be conducted by a judge, without a jury, if the Defendant, this Office, and the Court all agreed.

      b. If the Defendant elected a jury trial, the jury would be composed of twelve individuals selected from the community. Counsel and the Defendant would have the opportunity to challenge prospective jurors who demonstrated bias or who were otherwise unqualified, and would have the opportunity to strike a certain number of jurors peremptorily. All twelve jurors would have to agree unanimously before the Defendant could be found guilty of any count. The jury would be instructed that the Defendant was presumed to be innocent, and that presumption could be overcome only by proof beyond a reasonable doubt.

---

[1] Pursuant to 18 U.S.C. § 3612, if the Court imposes a fine in excess of $2,500 that remains unpaid 15 days after it is imposed, the Defendant shall be charged interest on that fine, unless the Court modifies the interest payment in accordance with 18 U.S.C. § 3612(f)(3).

    c. If the Defendant went to trial, the government would have the burden of proving the Defendant guilty beyond a reasonable doubt. The Defendant would have the right to confront and cross-examine the government's witnesses. The Defendant would not have to present any defense witnesses or evidence whatsoever. If the Defendant wanted to call witnesses in his defense, however, he would have the subpoena power of the Court to compel the witnesses to attend.

    d. The Defendant would have the right to testify in his own defense if he so chose, and he would have the right to refuse to testify. If he chose not to testify, the Court could instruct the jury that they could not draw any adverse inference from his decision not to testify.

    e. If the Defendant were found guilty after a trial, he would have the right to appeal the verdict and the Court's pretrial and trial decisions on the admissibility of evidence to see if any errors were committed which would require a new trial or dismissal of the charges against him. By pleading guilty, the Defendant knowingly gives up the right to appeal the verdict and the Court's decisions.

    f. By pleading guilty, the Defendant will be giving up all of these rights, except the right, under the limited circumstances set forth in the "Waiver of Appeal" paragraph below, to appeal the sentence. By pleading guilty, the Defendant understands that he may have to answer the Court's questions both about the rights he is giving up and about the facts of his case. Any statements the Defendant makes during such a hearing would not be admissible against him during a trial except in a criminal proceeding for perjury or false statement.

    g. If the Court accepts the Defendant's plea of guilty, there will be no further trial or proceeding of any kind, and the Court will find him guilty.

    h. By pleading guilty, the Defendant will also be giving up certain valuable civil rights and may be subject to deportation or other loss of immigration status.

### Advisory Sentencing Guidelines Apply ("C" Plea)

    5. The Parties stipulate and agree pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure that the sentence outlined in paragraph 7 is an appropriate disposition of the case. The Defendant understands that the Court will determine a sentencing guidelines range for this case (henceforth the "advisory guidelines range") pursuant to the Sentencing Reform Act of 1984 at 18 U.S.C. §§ 3551-3742 (excepting 18 U.S.C. §§ 3553(b)(1) and 3742(e)) and 28 U.S.C. §§ 991 through 998. The Defendant further understands that the Court will impose a sentence pursuant to the Sentencing Reform Act, as excised, and must take into account the advisory guidelines range in establishing a reasonable sentence.

### Factual and Advisory Guidelines Stipulation

6.  This Office and the Defendant understand, agree, and stipulate to the following Statement of Facts which this Office would prove beyond a reasonable doubt, and to the following applicable sentencing guidelines factors:

a. **Statement of Facts**

In or about April 2014, in the District of Maryland, the Defendant, Tion Renard Fox, knowingly entered into a conspiracy with Alvis Rene Fox and others to distribute and possess with the intent to distribute a quantity of a mixture or substance containing cocaine, a quantity of a mixture or substance containing cocaine base, and 100 grams or more of a mixture or substance containing heroin, in violation of 21 U.S.C. § 846.

On April 8, 2014, law enforcement officers executed a search warrant at 8051 Solley Road in Glen Burnie, Maryland, which was the home of Tion Renard Fox and Alvis Rene Fox. A search of the home, property, and several vehicles on the premises uncovered more than 100 grams of cocaine, more than 500 grams of cocaine base, and more than 600 grams of heroin. Also seized from 8051 Solley Road were a Derringer .22 caliber handgun, serial number 43592; a stainless steel and diamond men's Breitling watch, serial number 2038831; a 43-link gold men's diamond bracelet; and $172,673 in U.S. currency.

During the period of the conspiracy, it was reasonably foreseeable to the Defendant that he and other members of the conspiracy distributed and possessed with the intent to distribute more than 100 grams of cocaine, more than 500 grams of cocaine base, and more than 600 grams of heroin.

The government's evidence in this case consists of, among other things, admissions made by the Defendant, testimony from officers executing the search warrant, and the seizure of the drugs and the U.S. currency discussed above.

b. **Guideline Stipulations**

The parties agree that the Defendant conspired to distribute and possess with the intent to distribute more than 100 grams of cocaine, more than 500 grams of cocaine base, and more than 600 grams of heroin. The parties further stipulate that, pursuant to U.S.S.G. § 2D1.1, the Defendant's **base offense level is 30**. The Defendant understands that there is no agreement as to his criminal history or criminal history category. The Defendant also acknowledges that his criminal history could alter his offense level, in the event he qualifies as a Career Offender pursuant to U.S.S.G. § 4B1.1.

### c.  Acceptance of Responsibility

This Office does not oppose a two-level reduction in the Defendant's Adjusted offense level, based upon the Defendant's apparent prompt recognition and affirmative acceptance of personal responsibility for his criminal conduct. This Office agrees to make a motion pursuant to § 3E1.1(b) for an additional one-level decrease in recognition of the Defendant's timely notification of his intention to plead guilty. This Office may oppose *any* adjustment for acceptance of responsibility if the Defendant (a) fails to admit each and every item in the factual stipulation; (b) denies involvement in the offense; (c) gives conflicting statements about his involvement in the offense; (d) is untruthful with the Court, this Office, or the United States Probation Office; (e) obstructs or attempts to obstruct justice prior to sentencing; (f) engages in any criminal conduct between the date of this agreement and the date of sentencing; or (g) attempts to withdraw his plea of guilty. Based on the foregoing, the parties agree that the Defendant's **final adjusted offense level is 27.**

### Rule 11(c)(1)(C) Plea

7. The parties stipulate and agree pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) that a sentence of **96 months incarceration in the custody of the Bureau of Prisons followed by 5 years of supervised release** is the appropriate disposition. This agreement does not affect the Court's discretion to impose any lawful fine or to set any lawful conditions of probation or supervised release. In the event that the Court rejects this plea agreement, *either* party may elect to declare the agreement null and void. Should the Defendant so elect, he will be afforded the opportunity to withdraw his plea pursuant to the provisions of Federal Rule of Criminal Procedure 11(c)(5).

8. This Office and the Defendant agree that with respect to the calculation of the advisory guidelines range, no other offense characteristics, sentencing guidelines factors, potential departures or adjustments set forth in the United States Sentencing Guidelines are in dispute. The parties reserve the right to bring to the Court's attention at the time of sentencing, and the Court will be entitled to consider, all relevant information concerning the Defendant's background, character, and conduct. However, the parties agree that the factors set forth in 18 U.S.C. § 3553(a) support a sentence of **96 months incarceration in the custody of the Bureau of Prisons followed by 5 years of supervised release.** Moreover, the parties agree that, regardless of the Defendant's criminal history, as calculated at the time of sentencing or at any time thereafter, a sentence of **96 months incarceration in the custody of the Bureau of Prisons followed by 5 years of supervised release** is the appropriate disposition of this case under the factors set forth in 18 U.S.C. § 3553(a).

## Forfeiture

9.     The Defendant understands that the Court will, upon acceptance of his guilty plea, enter an order of forfeiture as part of his sentence, and that the order will include assets directly traceable to his offense, substitute assets and/or a money judgment equal to the value of the property subject to forfeiture. Specifically, as a consequence of the Defendant's plea of guilty to Count One, as amended, charging a violation of 21 U.S.C. § 846, the Court will order the forfeiture of any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such offense and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the offenses and all interest and proceeds traceable thereto, pursuant to 21 U.S.C. § 853.

The property to be forfeited includes but is not limited to the following:

- One Derringer .22 caliber handgun, serial number 43592; and

- One stainless steel and diamond men's Breitling watch, serial number 2038831; and

- One 43-link gold men's diamond bracelet; and

- The $172,673 in U.S. currency seized on April 8, 2014, during the execution of the search warrant at 8051 Solley Road.

10.    The Defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 11(b)(1)(J), 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, advice regarding the forfeiture at the change-of-plea hearing, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.

### Assisting the Government with Regard to the Forfeiture

11.    The Defendant agrees to assist fully in the forfeiture of the foregoing assets. The Defendant agrees to disclose all of his assets and sources of income to the United States, and to take all steps necessary to pass clear title to the forfeited assets to the United States, including but not limited to executing any and all documents necessary to transfer such title, assisting in bringing any assets located outside of the United States within the jurisdiction of the United States, and taking whatever steps are necessary to ensure that assets subject to forfeiture are not sold, disbursed, wasted, hidden, or otherwise made unavailable for forfeiture. The Defendant also agrees to give this Office permission to request and review his federal and state income tax returns, and any credit reports maintained by any consumer credit reporting entity, until such time as the money judgment is satisfied. In this regard, the Defendant agrees to complete and sign a copy of IRS Form 8821 (relating to the voluntary disclosure of federal tax

return information) as well as whatever disclosure form may be required by any credit reporting entity.

12.    The Defendant also represents that with the exception of liens held by financial institutions, he is unaware of any third-party interest in any of the specific assets that he has agreed to forfeit, and that he will not assist any third party in asserting a claim to the forfeited assets in an ancillary proceeding and that he will testify truthfully in any such proceeding.

### Waiver of Further Review of Forfeiture

13.    The Defendant further agrees to waive all constitutional, legal, and equitable challenges (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. The Defendant also agrees not to challenge or seek review of any civil or administrative forfeiture of any property subject to forfeiture under this agreement, and will not assist any third party with regard to such challenge or review or with regard to the filing of a petition for remission of forfeiture.

### Waiver of Appeal

14.    In exchange for the concessions made by this Office and the Defendant in this plea agreement, this Office and the Defendant waive their rights to appeal as follows:

a.    The Defendant knowingly waives all right, pursuant to 28 U.S.C. § 1291 or otherwise, to appeal the Defendant's conviction;

b.    The Defendant and this Office knowingly waive all right, pursuant to 18 U.S.C. § 3742 or otherwise, to appeal whatever sentence is imposed (including the right to appeal any issues that relate to the establishment of the advisory guidelines range, the determination of the Defendant's criminal history, the weighing of the sentencing factors, and the decision whether to impose and the calculation of any term of imprisonment, fine, order of forfeiture, order of restitution, and term or condition of supervised release), <u>except</u> as follows: (i) the Defendant reserves the right to appeal any sentence of imprisonment greater than **96 months**; (ii) and this Office reserves the right to appeal any sentence of imprisonment less than **96 months**.

c.    Nothing in this agreement shall be construed to prevent the Defendant or this Office from invoking the provisions of Federal Rule of Criminal Procedure 35(a), or from appealing from any decision thereunder, should a sentence be imposed that resulted from arithmetical, technical, or other clear error.

James J. Gitomer, Esq.
Page 8 of 9

    d. The Defendant waives any and all rights under the Freedom of Information Act relating to the investigation and prosecution of the above-captioned matter and agrees not to file any request for documents from this Office or any investigating agency.

### Obstruction or Other Violations of Law

  15. The Defendant agrees that he will not commit any offense in violation of federal, state, or local law between the date of this agreement and his sentencing in this case. In the event that the Defendant (i) engages in conduct after the date of this agreement which would justify a finding of obstruction of justice under U.S.S.G. § 3C1.1, or (ii) fails to accept personal responsibility for his conduct by failing to acknowledge his guilt to the probation officer who prepares the Presentence Report, or (iii) commits any offense in violation of federal, state or local law, then this Office will be relieved of its obligations to the Defendant as reflected in this agreement. Specifically, this Office will be free to argue sentencing guidelines factors other than those stipulated in this agreement, and it will also be free to make sentencing recommendations other than those set out in this agreement. As with any alleged breach of this agreement, this Office will bear the burden of convincing the Court of the Defendant's obstructive or unlawful behavior and/or failure to acknowledge personal responsibility by a preponderance of the evidence. The Defendant acknowledges that he may not withdraw his guilty plea because this Office is relieved of its obligations under the agreement pursuant to this paragraph.

### Court Not a Party

  16. The Defendant expressly understands that the Court is not a party to this agreement. In the federal system, the sentence is imposed by the Court, and the Court is under no obligation to accept this plea agreement. In the event the Court rejects this Rule 11(c)(1)(C) plea agreement, pursuant to Rule 11(c)(5)(C), the Defendant will be informed that he may withdraw his plea. If he persists in the guilty plea thereafter, the Defendant understands that the disposition of the case may be less favorable than that contemplated by this agreement. The Defendant understands that neither this Office, his attorney, nor the Court can make a binding prediction or promise that the Court will accept this agreement. The Defendant agrees that no one has made such a binding prediction or promise.

### Entire Agreement

  17. This letter supersedes any prior understandings, promises, or conditions between this Office and the Defendant and, together with the Sealed Supplement, constitutes the complete plea agreement in this case. The Defendant acknowledges that there are no other agreements, promises, undertakings, or understandings between the Defendant and this Office other than those set forth in this letter and the Sealed Supplement and none will be entered into unless in writing and signed by all parties.

If the Defendant fully accepts each and every term and condition of this agreement, please sign and have the Defendant sign the original and return it to me promptly.

Very truly yours,

Rod J. Rosenstein
United States Attorney

By: _____
Matthew C. Sullivan
Assistant United States Attorney


I have read this agreement, including the Sealed Supplement, and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it. Specifically, I have reviewed the Factual and Advisory Guidelines Stipulation with my attorney, and I do not wish to change any part of it. I am completely satisfied with the representation of my attorney.

1/5/15
Date                                            Tion Renard Fox

I am Tion Renard Fox's attorney. I have carefully reviewed every part of this agreement, including the Sealed Supplement, with him. He advises me that he understands and accepts its terms. To my knowledge, his decision to enter into this agreement is an informed and voluntary one.

1/5/15
Date                                            James J. Gitomer, Esq.